UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MACK FINANCIAL SERVICES            CIVIL ACTION

VERSUS

L3 TRUCKING LLC, ET AL.            NO. 20-00693-BAJ-SDJ

## RULING AND ORDER

Before the Court is Plaintiff Mack Financial Services' **Ex Parte Motion for Attorneys' Fees (Doc. 18)**. The Motion is unopposed. For reasons to follow, Plaintiff's Motion will be granted in all respects.

### I. BACKGROUND

**A. Alleged Facts**

This is a breach of contract action, arising from a December 29, 2017 Credit Sales Contract entered into between Plaintiff[1], a limited liability company formed under the laws of Delaware, and L3 Trucking, a limited liability company formed under the laws of Louisiana. (Doc. 1 at ¶ 5). L3 Trucking agreed to finance the purchase of a 2018 Mack GU813, with a Dump Body OX 16ft Stampede Body attachment (the "Equipment"), subject to seventy-two monthly payments totaling $216,050.88 (the "Contract"). *Id.*

To secure the payment of the amount due under the Contract, as well as all other debts and obligations at any time owed by L3 Trucking to Plaintiff, L3 Trucking

---

[1] While the Contract was entered into between the "Seller," Capitol Trucks, LLC, and the "Buyer," L3 Trucking LLC, the Contract was assigned "immediately upon execution" to Plaintiff, Mack Financial Services. (Doc. 1-4, p. 2); (Doc. 1-4, p. 6).

granted Plaintiff a security interest in the Equipment "together with all present and future attachments, accessions, replacements, parts, repairs, additions, substitutions, chattel paper, and proceeds, including amounts payable under any insurance policies" (the "Collateral"). (Doc. 1-4, p. 2).

On December 29, 2017, Defendant Chad V. Landry, a citizen of Louisiana, executed a Continuing Guaranty pursuant to which Landry guaranteed the "full, prompt and complete payment and performance of all sums, moneys, notes, loans [and] indebtedness" of L3 Trucking to Plaintiff and its subsidiaries and affiliates (the "Continuing Guaranty"). (Doc. 9-1, p. 5); (Doc. 1-6, p. 1).

L3 Trucking allegedly failed to make payments due in breach of the Contract. (Doc. 9-2 at ¶ 9). Subsequently, Landry failed to perform L3 Trucking's obligations under the Contract, in breach of the Continuing Guaranty. (Doc. 9-2 at ¶ 10). The Contract provides that, in the event of default, "the entire unpaid balance of the Total Obligation will bear interest at the rate of 18% per annum." (Doc. 1-4, p. 2). The Contract further provides that, in the event of late payments, "[a] late charge of 5% of any overdue amount on any Installment will be charged for each Installment not received in full. . . within fifteen (15) days of its due date." (*Id.*).

### B. Procedural History

On October 16, 2020, Plaintiff filed the instant Verified Complaint against Defendants for breach of contract and breach of guaranty. (Doc. 1). On the same day, Plaintiffs filed an *ex parte* Motion for Issuance of Writ of Sequestration. (Doc. 2). On October 31, 2020, service of process was perfected upon Landry, individually and as

2

a registered agent of L3 Trucking. (Doc. 5); (Doc. 5-1). On December 14, 2020, Plaintiff moved for entry of default by the Clerk against Defendants. (Doc. 6). On December 14, 2020, the Clerk entered defaults against each Defendant. (Doc. 7). Despite receiving summons on October 31, 2020, Defendants have failed to respond to or otherwise defend this lawsuit. On March 4, 2021, the Motion for Issuance of Writ of Sequestration was granted. (Doc. 10). On January 12, 2021 Plaintiff moved for entry of default judgment. (Doc. 9). On July, 28, 2021, the Court entered a Ruling and Order granting Plaintiff's Motion for Default Judgment Against All Defendants (Doc. 17). The Court further ordered Plaintiff to submit supporting documentation regarding the attorneys' fees incurred and costs as well as briefing on whether attorneys' fees are warranted under North Carolina law. *Id.* Plaintiff now seeks an award of attorneys' fees in the amount of $25,048.73 under North Carolina law. (Doc. 18-1).

## II. ANALYSIS

The United States Court of Appeals for the Fifth Circuit has determined that an "award of attorneys' fee is governed by the law of the state whose substantive law is applied to the underlying claims." *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1302 (5th Cir. 1993) (*citing Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 73 (5th Cir.1987) ("the award of attorney's fees in a diversity case depends on the law of the state whose rules govern the substantive claims")).

Under North Carolina law, a party cannot recover attorneys' fees "unless such a recovery is expressly authorized by statute." *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). N.C. Gen. Stat. § 6-21.2 authorizes the awarding of attorney's fees in actions to enforce obligations owed under an evidence

3

of indebtedness that provides for the payment of attorney's fees.

Here, the loan documents at issues expressly provide for an award of attorneys' fees. In pertinent part, the Credit Sales Contract provides that "to pay on demand, all reasonable attorneys' fees and all other costs and expenses which may be incurred by [Mack Financial] in the enforcement of this Contract or in any way arising out of the protection, assertion, or enforcement of this Contract, whether or not suit is brought." (Doc. 1–4, p. 3). Moreover, the Continuing Guaranty states that "in the event of any dispute any dispute regarding this Guaranty, Guarantor agrees to pay all costs and expenses of Creditor (including reasonable attorneys' fees and expenses) incurred in connection with such dispute, regardless of whether litigation or other action is instigated." (Doc. 1–6). However, neither contract provides for fees at a certain percentage.

In such a situation N.C. Gen. Stat. § 6-21.2 provides that if a contract provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owed under such contract. N.C. Gen. Stat. Ann. § 6-21.2; *see, e.g., D.P. Solutions, Inc. v. Xplore-Tech Servs. Private Ltd.*, 2013 N.C. App. LEXIS 197, *7-9, 225 N.C. App. 840, 738 S.E.2d 829 (N.C. App. 2013) (holding trial court did not err in awarding 15% of balance due where contract did not specify a percentage for calculating an award of attorneys' fees).

Here, the outstanding balance of principal and interest owing under the contracts totaled $166,991.54 at the time this suit was instituted and 15% of that

4

amount is $25,048.73. (Docs. 1, 17).

Federal court may only award those costs recognized in section 1920, absent explicit statutory or contractual authorization to the contrary. *Cook Children's Medical Center v. The New England PPO Plan of General Consolidation Management Inc.*, 491 F.3d 266, 274 (5th Cir. 2007). Under the terms of the agreement L3 Trucking must pay all reasonable attorneys' fees and all other costs and expenses that may result from enforcement of the contract by Plaintiff. (Doc. 1–6). Accordingly, Plaintiff is also entitled by contract to recover the costs incurred when seeking to enforce the contract, in the amount of $1,429.90.

### III. CONCLUSION

Accordingly, Plaintiff is entitled to an award of reasonable attorneys' fees in the sum of $25,048.73 and costs in the sum of $1,429.90.

**IT IS ORDERED** that Plaintiff's Motion (Doc. 18) is **GRANTED**.

Baton Rouge, Louisiana, this 16th day of December, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**